THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by RAL
INTAKE
DEC 04 2009

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., a foreign business entity, | CASE NO. 09-23618 |
| Plaintiff, | CIV-LENARD |
| v. | MAGISTRATE JUDGE TURNOFF |
| DOES 1-10, individually and jointly, d/b/a FANTASTICREPLICA.COM d/b/a FANTASTIC REPLICA, | |
| Defendants. | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Louis Vuitton Malletier, S.A., a foreign business entity ("Plaintiff" or "Louis Vuitton") hereby sues Defendants Does 1-10 (collectively "Defendants"), individually and jointly, d/b/a Fantasticreplica.com d/b/a Fantastic Replica (the "Subject Domain Name") and alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a) and 17 U.S.C. §§ 101 et seq. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391, and, upon information and belief, this Court may properly exercise personal jurisdiction over Defendants since Defendants conduct business with consumers and cause harm to Louis Vuitton within this District through at least the fully interactive Internet website operating under the Subject Domain Name. The Defendants are subject to personal jurisdiction in this District because they direct

1

business activities toward and conduct business with consumers within this Judicial District through at least the fully interactive, commercial Internet website fantasticreplica.com.

## THE PLAINTIFF

2.      Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal of business in Paris, France. Louis Vuitton operates boutiques within this Judicial District. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods, including, but not limited to, handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, and key holders under the Federally registered trademarks LOUIS VUITTON, LOUIS VUITTON PARIS, LOUIS VUITTON MALLETIER A PARIS, ALMA, KEEPALL, SPEEDY, ▨, 𝒴, ▨, ▨, ✦, ⊛, ■, ■, ◈, ▨ (collectively the "Louis Vuitton Marks") and under the Federally registered United States Copyright Registration Nos. VA-1-250-120 and VA-1-250-121 (the "Louis Vuitton Copyrights").

## THE DEFENDANTS

2.      The Defendants are individual and\or business entities, who, upon information and belief conduct business within this jurisdiction through the operation of at least the fully interactive, commercial website, fantasticreplica.com.

3.      The Defendants are the moving and conscious force behind the operation of fantasticreplica.com.

4.      The Defendants are, upon information and belief, individuals and\or business entities who direct their business activities toward and conduct business with consumers within this Judicial District. The Defendants are directly and personally contributing to, inducing and

2

engaging in the sale of counterfeit products as alleged herein as partners and co-conspirators. The Plaintiff is presently unaware of the true names of Does 1-10, because the Defendants have registered the domain name Fantasticreplica.com anonymously through Domains by Proxy, Inc., a company which, for a fee, allows individuals and\or entities to mask their identities when registering domain names. Louis Vuitton will amend this Complaint upon discovery of the identities of such fictitious Defendants.

5. Upon information and belief, the Defendants are directly engaging in the sale of counterfeit and infringing products within this District as alleged herein. Moreover, upon information and belief, Defendants have conspired with each other to jointly engage in the offering for sale and sale of counterfeit and infringing Louis Vuitton branded products within this Judicial District through the following fully interactive, commercial Internet based website business fantasticreplica.com. The Defendants entire Internet based website business amounts to nothing more than a massive illegal operation, infringing on the intellectual property rights of the Plaintiff and others.

6. The Defendants have anonymously registered and maintained the domain name fantasticreplica.com for the sole purpose of engaging in illegal counterfeiting activities.

7. The Defendants' domain name, fantasticreplica.com, is an essential component of the Defendants' counterfeiting and infringing activities. The domain name itself is the means by which the Defendants further their counterfeiting scheme and cause harm to the Plaintiff. The Defendants are wrongfully using counterfeits of the Louis Vuitton Marks to promote and attract customers to their website business. In short, counterfeits of the Louis Vuitton Marks are being used by the Defendants to increase traffic to their illegal businesses which offer consumers a variety of counterfeit branded goods, including Louis Vuitton branded goods.

## COMMON FACTUAL ALLEGATIONS

8.  Louis Vuitton is the owner of the following United States Federal Trademark Registrations:

| Mark | Registration No. | Registration Date |
|---|---|---|
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| [design] | 0,297,594 | September 20, 1932 |
| [LV design] | 1,519,828 | January 10, 1989 |
| [design] | 1,643,625 | May 7, 1991 |
| [design] | 1,653,663 | August 13, 1991 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| [design] | 2,177,828 | August 4, 1998 |
| [design] | 2,181,753 | August 18, 1998 |
| [design] | 2,378,388 | August 22, 2000 |
| [design] | 2,421,618 | January 16, 2001 |
| [design] | 2,773,107 | October 14, 2003 |
| [design] | 3,107,072 | June 20, 2006 |
| LOUIS VUITTON | 2,904,197 | November 23, 2004 |
| SPEEDY | 3,512,709 | October 7, 2008 |
| LOUIS VUITTON PARIS | 2,346,373 | May 2, 2000 |
| ALMA | 3,409,360 | April 8, 2008 |
| KEEPALL | 3,382,177 | February 12, 2008 |

4

| | | |
|---|---|---|
| LOUIS VUITTON MALLETIER A PARIS | 1,615,681 | October 2, 1990 |

which are registered in International Classes 14 and 18 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, and key holders.

9. The Louis Vuitton Marks have been used in interstate commerce to identify and distinguish Louis Vuitton's high quality handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods for an extended period of time. The Louis Vuitton Marks have never been assigned or licensed to any of the Defendants in this matter.

10. The Louis Vuitton Marks are symbols of the Plaintiff's quality, reputation and goodwill and have never been abandoned.

11. Further, Louis Vuitton has expended substantial time, money and other resources developing, advertising and otherwise promoting the Louis Vuitton Marks. The Louis Vuitton Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1). Louis Vuitton has extensively used, advertised and promoted the Louis Vuitton Marks in the United States in association with the sale of high quality handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods and has carefully monitored and policed the use of the Louis Vuitton Marks.

12. As a result of Louis Vuitton's efforts, members of the consuming public readily identify merchandise bearing or sold under the Louis Vuitton Marks as being high quality merchandise sponsored and approved by Louis Vuitton.

13. Accordingly, the Louis Vuitton Marks have achieved secondary meaning as identifiers of high quality handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods.

14. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Louis Vuitton's ownership of the Louis Vuitton Marks including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

15. Plaintiff has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods using trademarks which are exact copies of the Louis Vuitton Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Louis Vuitton Marks in the same stylized fashion, for different quality goods.

16. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different than that of Plaintiff's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Louis Vuitton. The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Louis Vuitton.

17. The Defendants advertise their Counterfeit Goods for sale to the consuming public via at least fantasticreplica.com. In so advertising these products, the Defendants use the Louis Vuitton Marks. Indeed, the Defendants herein misappropriated Louis Vuitton's advertising ideas and entire style of doing business with regard to the advertisement and sale of Plaintiff's genuine products. Upon information and belief, the misappropriation of the Plaintiff's advertising ideas in the form of the Louis Vuitton Marks has occurred, in part, in the course of the Defendants' advertising activities and has been the proximate cause of damage to the Plaintiff.

18. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities and causing harm at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding the Plaintiff and the consuming public for the Defendants' own benefit. The Defendants' infringement and disparagement of the Plaintiff and its marks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

19. The Defendants' use of the Louis Vuitton Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

20. Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on the goodwill and reputation of the Plaintiff. If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, the Plaintiff and the consuming public will continue to be damaged.

21. The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between the Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

22. The Plaintiff has no adequate remedy at law.

23. The Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

24. The injuries and damages sustained by the Plaintiff have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

25. The Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

26. The Plaintiff hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 25 above.

27. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Louis Vuitton Marks.

28. Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods bearing the Louis Vuitton Marks. The Defendants are continuously infringing

and inducing others to infringe the Louis Vuitton Marks by using them to advertise, promote and sell counterfeit handbags, wallets, messenger b ags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, and key holders.

29. The Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Counterfeit Goods bearing the Louis Vuitton Marks.

30. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to the Plaintiff.

31. The Defendants' above-described illegal actions constitute counterfeiting and infringement of the Louis Vuitton Marks in violation of the Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. The Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

33. The Plaintiff hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 25 above.

34. The Defendants' Counterfeit Goods bearing and sold under the Louis Vuitton Marks have been widely advertised and distributed throughout the United States.

35. The Defendants' Counterfeit Goods bearing and sold under the Louis Vuitton Marks are virtually identical in appearance to each of the Plaintiff's genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, the Defendants'

activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

36. The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

37. Specifically, the Defendants have authorized an infringing use of the Louis Vuitton Marks in the Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods. The Defendants, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

38. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39. The Plaintiff has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - COPYRIGHT INFRINGEMENT

40. Louis Vuitton hereby readopts and realleges the allegations set forth in Paragraphs 1 through 25 above.

41. This is an action for copyright infringement against the Defendants.

42. The Defendants have infringed and will continue to infringe the Louis Vuitton Copyrights at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of Louis Vuitton's copyrighted works in violation of 17 U.S.C. §501.

43. Upon information and belief, the Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

44. The Defendants' unlawful actions have caused and are continuing to cause damage to Plaintiff. Louis Vuitton will continue to suffer irreparable injury due to the above described activities of the Defendants absent entry of preliminary and permanent injunctions.

## PRAYER FOR RELIEF

45. WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

   a. The Court enter a preliminary and permanent injunction enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Louis Vuitton Marks; from using the Louis Vuitton Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to

believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags, wallets, messenger bags, luggage, checkbook holders, backpacks, cosmetic cases, garment bags, key chains, key holders, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

   b. Enter an Order that, upon Louis Vuitton's request, the top level domain (TLD) Registry for the Subject Domain Name place the Subject Domain Name on Registry Hold status, thus removing it from the TLD zone files maintained by the Registry which link the Subject Domain Name to the IP address where the associated website is hosted.

   c. Enter an Order that, upon Louis Vuitton's request, those in privity with Defendants, and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the sale of counterfeit and infringing goods using the Louis Vuitton Marks.

   d. Enter an Order canceling or, at Louis Vuitton's election, transferring the domain name Fantasticreplica.com to Louis Vuitton by the Defendants, Registry and/or the Registrar.

e.  The Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 3rd day of December, 2009.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: /s/ Stephen M. Gaffigan
Stephen M. Gaffigan (Fla. Bar No. 025844)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Email: Stephen@smgpa.net

Attorneys for PLAINTIFF
LOUIS VUITTON MALLETIER, S.A.

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

**09-23618**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
LOUIS VUITTON MALLETIER, S.A., a foreign business entity

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Gaffigan/STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Boulevard, Suite 130-453
Ft. Lauderdale, Florida 33301
T: (954) 767-4819

### DEFENDANTS
DOES 1-10, individually and jointly,
d/b/a FANTASTICREPLICA.COM, et al.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

CIV-LENARD
MAGISTRATE JUDGE
TORRES

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO        b) Related Cases ☐ YES ☒ NO
JUDGE                                   DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1114 et. seq.  Federal trademark counterfeiting and infringement, et. seq.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
*Stephen M. Gaffigan*
DATE

FOR OFFICE USE ONLY
AMOUNT $350   RECEIPT # 1012958
12/04/09